Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that although under the authority of Meade v. Haynes, 3 Rand. 33, as the application for leave to erect a mill or other machine may be ore tenus, no form is necessary, if the petitioner shews, at any stage of the proceedings, that the circumstances of his case justify his claim for leave to build the mill, it is still incumbent on him to shew that he has proceeded in the mode prescribed by law to suit his particular case. Where the petitioner owns land on one side of a water course, the bed whereof is the dividing line between *531 the lands of himself and any other person, the proceeding should be in conformity with the 1st, 2d, and 3d sections of the act 2 Rev. Code, ch. 235, for condemning one acre of land, on which to abut his dam. And if, on a proceeding under the 4th section of said act, it should appear that the petitioner did not own the lands on both sides of the stream, and that he should have proceeded under the 1st, 2d and 3d sections of the act, as aforesaid, the Court should not grant the leave to erect the dam, but should quash the writ and inquisition. The Court is further of opinion, as it appears from the evidence in this case, the petitioner owned the land on one side of the stream only, the application for leave to erect the dam should have been overruled, and the inquisition quashed; and that the circumstance that a mill formerly stood at the same place, is not of itself, sufficient to justify the presumption that the petitioner was the owner of the acre formerly condemned for an abutment, if it ever had been condemned. For, as the mill had been rendered unfit for public use for several years before the application was made, the presumption, in the absence of all proof, would be that the acre condemned had reverted to the former owner, under the 6th section of said act.
The Court is further of opinion, that from the whole evidence, confirmed by the judgment of the County Court, it sufficiently appears that a greater quantity of land, the property of the plaintiffs in error, would be overflowed than the jury estimated; and though the plaintiffs in error would have a right of action for any injury done to the land, not embraced in the estimate of the jury, when such omission and direct injury is made to appear in opposition to the finding of the jury, and the leave asked, the inquisition should be quashed and a new writ directed, instead of turning the proprietors round to a new action for this specific injury. The Court is further of opinion, that it was erroneous to direct *532 that the appellee should become seized of the land found liable to be overflowed; and that it was also erroneous in the County Court to allow for the additional damage, as the power to estimate and assess damages is confi¿[e¿i t0 the jury alone.
Therefore it is considered that the judgment and order of the Circuit Superior Court be reversed and annulled ; and that the plaintiffs in error recover of the defendants in error their costs, &c. And this Court, proceeding to give such judgment as the Circuit Superior Court ought to have given, it is further considered that the judgment and order of the County Court granting leave, &c. be reversed and annulled, with costs to the plaintiffs in error in the Circuit Court; that the writ and inquisition be quashed, and the cause remanded to the County Court, to award a new writ, and for further proceedings.